UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRAD N. MANSKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FARMERS INSURANCE COMPANY OF WASHINGTON, et al.,<br><br>　　　　　Defendants. | CASE NO. C10-0511JLR<br><br>ORDER ON MOTION TO COMPEL ARBITRATION |

## I.　INTRODUCTION

This matter comes before the court on Defendant Farmers Insurance Company of Washington's ("FICO WA") motion to compel arbitration (Dkt. # 27).[1]  FICO WA

---

[1] Defendant Farmers Insurance Exchange ("FIE") filed a notice that it "joins in FICO WA's request that, pending the outcome of the arbitration, activity in this case be stayed save and except for the coverage determination issue." (Not. of Joinder (Dkt. # 29) at 2.)  FIE acknowledges, however, that it "does not believe it has any legal standing to urge this Court to order arbitration." (*Id.*)

ORDER- 1

requests that this court compel Plaintiff Brad M. Mansker to arbitrate his claims for diminished value loss pursuant to the terms of the arbitration clause in his insurance policy. Having considered the motion, as well as all submissions made in support and opposition, and deeming oral argument unnecessary, the court DENIES the motion to compel arbitration without prejudice and with leave to renew the request once Mr. Mansker has had a reasonable opportunity to move for class certification.

## II. BACKGROUND

This case is a putative class action. Mr. Mansker, on behalf of himself and as a proposed class representative, brings suit against FICO WA and other Farmers entities[2] in connection with the alleged diminished value loss sustained by his vehicle following a collision and subsequent repairs. (Compl. (Dkt. # 1) ¶¶ 1.1, 1.3.) Defendants provide automobile insurance policies in Washington, as well as throughout the United States, which includes underinsured and uninsured motorists coverage ("UIM coverage"). (*Id.* ¶ 1.2.) Mr. Mansker contends that Defendants failed to honor the UIM coverage contained in Farmers insurance policies by neither informing policyholders of their right to recover for diminished value loss, nor paying policyholders for diminished value loss.

---

[2] In his complaint, Mr. Mansker generally refers only to "FARMERS," which encompasses Defendants FICO WA, FIE, Farmers Insurance Company, Inc., Illinois Farmers Insurance Company, Inc., Farmers New Century Insurance Company, Farmers Insurance Company of Arizona, Farmers Insurance Company of Columbus, Inc., Farmers Insurance Company of Oregon, Farmers Texas County Mutual Insurance Company, Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas, Mid-Century Insurance, and Does I-XX. Mr. Mansker does not distinguish the actions of particular Defendants.

ORDER- 2

Mr. Mansker purchased his automobile insurance policy ("Mansker Policy") from FICO WA. (2d Jordan Decl. (Dkt. # 32) ¶ 3 & Ex. A (Mansker Policy).) The Mansker Policy contains an arbitration clause, which provides that coverage disputes shall not be arbitrated but that claims disputes shall be arbitrated. (Mansker Policy at 27 (Endorsement s7931).) With respect to claims disputes, the arbitration clause states:

> If an insured person and we do not agree (1) that the person is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle, or (2) as to the amount of payment under this part, either that person or we may demand that the issue be determined by arbitration. The demand for arbitration must be made within three (3) years from the date of the disagreement.

(*Id.*) The arbitration clause requires FICO WA to pay the fee of the arbitrator, but places the burden of paying all other arbitration expenses, including attorney's fees and fees paid for witnesses, on the party incurring the expense. (*Id.*)

FICO WA now moves to enforce the arbitration clause, seeking to compel arbitration of Mr. Manker's individual claims. FICO WA and FIE also moved for summary judgment with respect to coverage issues and Mr. Mansker filed a cross-motion for summary judgment as to the same coverage issues. (Dkt. ## 31, 56.) Having ruled on the coverage issues, the court turns to the question of arbitration.

## III. ANALYSIS

### A. The Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the

ORDER- 3

revocation of any contract." 9 U.S.C. § 2.  The parties agree that the FAA governs the arbitration clause in the Mansker Policy.  The purpose of the FAA is to "reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts."  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991); *see Preston v. Ferrer*, 552 U.S. 346, 349 (2008).  To that end, the FAA divests courts of their discretion and requires courts to resolve any doubts in favor of compelling arbitration.  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  On review of a motion to compel arbitration, the court's role is limited to a determination of (1) whether the parties entered into a valid agreement to arbitrate, and if so, (2) whether the present claims fall within the scope of that agreement.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  Notwithstanding the FAA's presumption in favor of arbitrability, a court may consider generally applicable state law contract defenses—*e.g.*, fraud, unconscionability, and duress—in determining whether an arbitration provision is valid.  *See* 9 U.S.C. § 2; *Rent-a-Center, West, Inc. v. Jackson*, __ U.S. __, 130 S. Ct. 2772, 2776 (2010); *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002).  The party opposing arbitration bears the burden of showing that the agreement is not enforceable.  *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

**B.     Enforceability of the Arbitration Clause**

In its motion to compel arbitration, FICO WA requests that the court compel Mr. Mansker to arbitrate his individual claim for diminished value loss and stay all other proceedings pending the resolution of arbitration.  (Mot. at 2.)  Mr. Mansker opposes

arbitration, arguing that arbitration would be inappropriate here because (1) the arbitration clause is substantively and procedurally unconscionable and (2) the arbitration clause does not contemplate class arbitration.  (Resp. (Dkt. # 55) at 1.)  The parties do not dispute that the arbitration clause limits arbitration to claims issues; that Mr. Mansker's claim for diminished value loss falls within the scope of the arbitration clause; and that the arbitration clause contemplates bilateral arbitration, not class arbitration.  (*See* Mot. at 3; Resp. at 4; Reply (Dkt. # 58) at 2.)  FICO WA has also confirmed that it does not seek to compel class arbitration, but rather seeks to compel bilateral arbitration between itself and Mr. Mansker.  (Reply at 2.)

The court first considers Mr. Mansker's argument that the arbitration clause operates, in effect, as a substantively unconscionable class action waiver.  In *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, __ U.S. __, 130 S. Ct. 1758 (2010), the Supreme Court held that class arbitration may not be imposed where an arbitration agreement is silent as to class arbitration.  130 S. Ct. at 1775.  As the Court emphasized, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so."  *Id*.  *Stolt-Nielsen* leaves open a range of questions.  Of particular concern for present purposes, *Stolt-Nielsen*, to the extent it precludes class arbitration under arbitration agreements that contemplate bilateral arbitration, appears to imply a de facto class action waiver as part of the arbitration clause.  In other words, if the arbitration clause here only permits bilateral arbitration under *Stolt-Nielsen* and each member of the proposed class agreed to the same arbitration clause, then presumably all or most of the members of the proposed class

would be required to arbitrate individually.  This possibility raises troubling questions under Washington law because it runs the risk of exculpating FICO WA for allegedly widespread misconduct where the cost of pursuit outweighs the likely recovery.  *See, e.g., McKee v. AT&T Corp.*, 191 P.3d 845, 857-58 (Wash. 2008); *Scott v. Cingular Wireless*, 161 P.3d 1000, 1006-07 (Wash. 2007).

The Washington Court of Appeals confronted a similar issue in *Heaphy v. State Farm Mutual Automobile Insurance Company*, 72 P.3d 220 (Wash. Ct. App. 2003). There, the plaintiff, on behalf of herself and as a proposed class representative, sought to recover for diminished value loss under her UIM coverage, and the defendant moved to compel arbitration prior to class certification.  *Heaphy*, 72 P.3d at 224-26.  In opposing arbitration, the plaintiff argued not only that the cost of arbitration was prohibitive for her individually, but also that a court must determine whether to certify a class before compelling arbitration because the damages in any one case are too small to justify pursuit outside of a class action.  *Id*. at 225.  The *Heaphy* court rejected both arguments. It first concluded that the arbitration agreement was not unenforceable merely because the agreement prevented the plaintiff from proceeding with a class action.[3]  *Id*. (citing *Stein v. Geonerco, Inc.*, 17 P.3d 1266, 1270- 71 (Wash. Ct. App. 2001).)  The court next

---

[3] After the Washington Court of Appeals decided *Heaphy*, the Washington Supreme Court confirmed that, under Washington law, class action waivers are substantively unconscionable if they operate to exculpate a defendant from liability for widespread wrongdoing.  Recent case law thus suggests that the considerations at issue in *Heaphy* might be viewed differently today, with greater scrutiny given to an agreement that precludes a class action.

concluded that the case in its present posture was inappropriate for a class action, reasoning:

> A class member may sue on behalf of a class only if, among other requirements, "there are questions of law or fact common to the class." CR 23(a)(2). While a class action may be appropriate to determine whether diminished value damages are covered by State Farm's UIM policy, that is not the issue here. Rather, the issue is a factual one: Does the evidence show that Heaphy's vehicle suffered diminished value damages? If the answer is yes, State Farm has conceded that its policy covers these damages. Thus, Heaphy has no question of law in common with others. And Heaphy has not shown that other class members share common issues of fact.

*Id*. Under this reasoning, the *Heaphy* court emphasized that absent a showing that a class action is appropriate, the possibility of class certification cannot overcome an agreement to arbitrate. *Id*. at 226.

Here, FICO WA argues that the issue of class arbitration is irrelevant at this time because it has not moved to compel class arbitration and the court has not yet certified a class. (Reply at 2.) FICO WA also contends that Mr. Mansker must arbitrate his dispute as a prerequisite to establishing that he has standing to act on behalf of the proposed class. (*Id*.) The court is not persuaded. It is evident that Mr. Mansker intends for this case to proceed as a class action and that his decision to file this case as a putative class action was designed both to spread out the costs of proceeding individually and to hold Defendants liable for widespread misconduct. Though mindful that the FAA favors arbitrability, the court rejects FICO WA's invitation to forestall application of Washington's law of substantive unconscionability by resolving the question of arbitrability before Mr. Mansker has had a reasonable opportunity to move for class

certification or make a showing that class certification is appropriate. In recognition of Federal Rule of Civil Procedure 23's instruction that the court determine whether to certify a class at an early practicable time and absent additional guidance from the parties, the court will postpone ruling on the question of arbitrability so as to evaluate Mr. Mansker's arguments in connection with questions of class certification. The court is likewise not persuaded that questions of standing require Mr. Mansker to arbitrate his claim at this time. FICO WA has presented neither argument nor authority to support this proposition, and, without more, the court declines to embrace it. The court therefore denies FICO WA's motion to compel arbitration without prejudice.[4]

## IV. CONCLUSION

The court DENIES FICO WA's motion to compel arbitration (Dkt. # 27) without prejudice. FICO WA may renew its motion to compel arbitration once Mr. Mansker has had a reasonable opportunity to move for class certification.

Dated this 14th day of September, 2010.

JAMES L. ROBART
United States District Judge

---

[4] In light of this conclusion, the court need not determine whether the arbitration clause is procedurally or substantively unconscionable with respect to Mr. Mansker alone.

ORDER- 8