UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRAD N. MANSKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FARMERS INSURANCE COMPANY OF WASHINGTON, et al.,<br><br>　　　　　Defendants. | CASE NO. C10-0511JLR<br><br>ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE |

## I.　INTRODUCTION

Before the court is Plaintiff Brad N. Mansker's Federal Rule of Civil Procedure 41(a)(2) motion for voluntary dismissal without prejudice. (Mot. (Dkt. # 114).) Having reviewed the submissions of the parties,[1] and being fully informed, the court GRANTS in

---

[1] No party requested oral argument with regard to this motion, and the court does not deem oral argument to be necessary.

ORDER- 1

part Mr. Mansker's motion to dismiss without prejudice, but only upon Mr. Mansker's accession to certain conditions as described below.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On March 25, 2010, Mr. Mansker, on behalf of himself and as a putative class representative, filed suit against Defendant Farmers Insurance Company of Washington ("FICO WA"), as well as numerous other insurance entities. Specifically, Mr. Mansker seeks to recover the alleged diminution in value that he claims his vehicle sustained when it was involved in a wreck and repaired pursuant to the uninsured motorist ("UIM") provisions of his policy.

In the year since Mr. Mansker filed his suit, the parties have issued and exchanged considerable amounts of discovery and conducted significant motion practice, including motions to dismiss and for summary judgment. Mr. Mansker provided his initial disclosures under Federal Rule of Civil Procedure 26(a)(1) on July 15, 2010, and issued his initial interrogatories, requests for production of documents, and requests for admission at about the same time. (Mot. at 2.) On July 30, 2010, the parties filed a joint status report (Dkt. # 63), and Defendants provided their Rule 26(a)(1) initial disclosures. (Mot. at 3.) On October 1, 2010, Defendants responded to Mr. Mansker's written discovery requests. On October 12, 2010, Defendants served interrogatories and a set of requests for production of documents upon Mr. Mansker. (*Id.*)

The court has considered and decided four substantial motions in this matter. On May 5, 2010, Defendant FICO WA filed a motion to compel arbitration and for a partial stay of the proceedings. (Dkt. # 27.) On September 14, 2010, the court entered an order

denying Defendants' motion to compel arbitration, but without prejudice and with leave to renew the request once Mr. Mansker has had a reasonable opportunity to move for class certification. (Dkt. # 90.)

On May 20, 2010, Defendants moved for summary judgment on grounds that the applicable UIM coverage in Mr. Mansker's policy did not cover alleged diminution in value following repair of his vehicle after an automobile crash. (Dkt. # 31.) Mr. Mansker cross-moved for summary judgment asking the court to rule that the applicable UIM coverage did apply to cover his vehicle's alleged diminished value following repair after a crash. (Dkt. # 56.) On September 14, 2010, the court granted in part and denied in part both cross-motions for summary judgment. (Dkt. # 91.) The court ruled that Mr. Mansker's policy provides coverage for diminished value loss to his vehicle only to the extent such property damage constitutes physical injury to the vehicle. (*Id.* at 21.)

Finally, Defendants filed a motion to dismiss on September 2, 2010, seeking dismissal of all defendants except for FICO WA, as well as the dismissal of Mr. Mansker's mischaracterization claim. (Dkt. # 87.) The court granted Defendants' motion on January 11, 2011, dismissing all defendants, except for FICO WA, on grounds that Mr. Mansker lacked Article III standing to assert any claims against these defendants, and dismissing Mr. Mansker's mischaracterization claim against all defendants also on grounds of lack of Article III standing. (Dkt. # 113.)

On January 25, 2011, two weeks following the court's order dismissing Mr. Mansker's mischaracterization claim, and all defendants except for FICO WA, Mr. Mansker filed his present motion under Federal Rule of Civil Procedure 41(a)(2) for

voluntary dismissal of his complaint without prejudice. (Mot. at 1, 3.) In his motion, Mr. Mansker asserts that, as a result of the court's dismissal of all foreign defendants, the court has deprived itself of subject matter jurisdiction. (Mot. at 1-2.) Mr. Mansker argues that the matter now falls within the "local controversy" exception to federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(4), and therefore should be dismissed without prejudice. (Mot. at 2.) Mr. Mansker has also indicated he intends to re-file and amend his present lawsuit in Washington state court following a dismissal of his action here. (Reply (Dkt. # 116) at 8-9.)

### III.  ANALYSIS

#### A.  Subject Matter Jurisdiction

A jurisdictional defect with regard to subject matter may be raised at any time. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court . . . may be raised at anytime by one of the parties, by motion or in the responsive pleading, or *sua sponte* by the trial or reviewing court."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Initially, then, the court must consider Mr. Mansker's assertion that as a result of its ruling on Defendants' motion to dismiss the court has deprived itself of subject-matter jurisdiction.

This case was originally filed under CAFA, 28 U.S.C. § 1332(d). (Compl. (Dkt. # 1) ¶ 2.1.) "Once the prerequisites of [28 U.S.C.] § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a

state different from any defendant." *Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1020-21 (9th Cir. 2007) (citing 28 U.S.C. § 1332(d)(2); footnote omitted).  Under CAFA, complete diversity is not required; minimal diversity is sufficient. *Id.* at 1021 (citing *Bush v. Cheaptickets, Inc.,* 425 F.3d 683, 684 (9th Cir. 2005)).  There are, however, statutory exceptions to CAFA's jurisdictional grant, one of which is known as the "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A). [2] *See Serrano,* 478 F.3d at 1019. "The 'local controversy' exception provides that a 'district court *shall* decline to exercise jurisdiction' over a class action in which the plaintiff class and at least one defendant meet certain characteristics that essentially make the case a local controversy." *Id.* at 1022 (italics in original; footnote omitted).

---

[2] Subsection (d)(4), which states the "local controversy" exception provides in pertinent part:

> A district court shall decline to exercise jurisdiction under [28 U.S.C. § 1332(d)(2)] –
> (A)(i) over a class action in which –
>     (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>     (II) at least 1 defendant is a defendant –
>         (aa) from whom significant relief is sought by members of the plaintiff class;
>         (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>         (cc) who is a citizen of the State in which the action was originally filed; and
>     (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A).

Mr. Mansker contends that as a result of the court's ruling on Defendant's motion to dismiss the case now falls within the "local controversy" exception to CAFA diversity jurisdiction, and the court lacks subject matter jurisdiction. (Mot. at 2-3; Reply (Dkt. # 116) at 1-2.) In its order on Defendants' motion to dismiss, the court dismissed all foreign defendants, leaving FICO WA as the sole remaining defendant. Mr. Mansker asserts that this means that "no more than a Washington-only class is available for certification." (Mot. at 1.) The court will assume, without deciding, that the "local controversy" exception would now apply as Mr. Mansker suggests were the action to be filed as presently constituted. The court nevertheless concludes that it is not deprived of subject matter jurisdiction over a matter, such as this one, that was initially properly filed under CAFA, but as the result of subsequent court decisions later falls within one of CAFA's exceptions.

The Ninth Circuit recently addressed a similar issue arising in the context of an action removed to federal court on the basis of CAFA. *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFK-CIO, CLC v. Shell Oil Co.,* 602 F.3d 1087 (9th Cir. 2010). In *United Steel,* the district court had denied a motion for class certification, and then remanded the action to state court for lack of subject matter jurisdiction under CAFA. *Id.* at 1090. In reversing the district court, the Ninth Circuit reasoned in part that jurisdictional facts are assessed at the time of removal, and that post-removal events do not deprive federal courts of subject matter jurisdiction. *Id.* at 1091. In rejecting the notion that Congress intended district courts to remand actions where a class was not ultimately certified, the Ninth Circuit stated: "We think it

more likely that Congress intended that the usual and long-standing principles apply – post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." *Id.* at 1091-92.

In *In re Intel Laptop Battery Litigation,* No. C09-02889 JW, 2010 WL 5173930 (N.D. Cal. Dec. 15, 2010), the district court applied the foregoing rationale of *United Steel*, to a case that was not removed, but rather originally filed in federal district court under CAFA.  Plaintiffs subsequently withdrew their motion for class certification and admitted that the litigation was no longer a class action case.  2010 WL 5173930 at *5.  Based on the rationale of *United Steel,* the *Intel Laptop* court concluded that it did not lose subject matter jurisdiction where plaintiffs had properly filed the case in federal court under CAFA, but then ultimately withdrew their motion for class certification.  *Id.* at *5-*6.  The court finds the *Intel Laptop* court's rationale and application of *United Steel* to be persuasive here as well.

The legislative history of CAFA is also instructive here:

> While questions regarding events occurring after a complaint is filed or removed to federal court will, of course, arise under [CAFA], those same (or, at least, very similar) questions arise in current practice on jurisdictional issues.  Well-established law exists to resolve these questions, and [CAFA] does not change – or even complicate – the answers to these questions.  In short, the "rules of the road" on such issues are already established, and [CAFA] does not change them.
>
> Under existing law (which [CAFA] would not change), "diversity" of citizenship between the parties must exist both at the time a complaint is filed and at the time a complaint is removed to federal court.  For this reason, the federal court would generally only need to measure the diversity of the parties at the outset of the litigation. . . . In other words, no court would be required to engage in a residency play-by-play after the time the complaint was filed. . . .

> Current law (that [CAFA] does not alter) is also clear that, once a complaint is properly removed to federal court, the federal court's jurisdiction cannot be "ousted" by later events. Thus, for example, changes in the amount in controversy after the complaint has been removed would not subject a lawsuit to be remanded to state court. . . . The same would be true if a case was removed to federal court because minimal diversity existed at the time and, because of a later event, minimal diversity was eliminated. This would occur if, for example, the federal court dismissed the claims of out-of-state plaintiffs, *leaving only the claims of in-state plaintiffs against an in-state defendant intact. It uniformly has been held that in a suit properly begun in federal court the change of citizenship does not oust jurisdiction.*

Judicial Comm. Report on CAFA, S. Rep. No. 109-14 (1st Sess. 2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 2005 WL 627977, at *70 (internal quotations and footnotes omitted; italics added). Thus, the legislative history specifically addresses an order on a motion to dismiss which leaves only the claims of in-state plaintiffs against in-state defendants, and concludes that "in a suit properly begun in federal court [a] change of citizenship does not oust [the district court of its] jurisdiction." *Id.* Based on the foregoing case authority, as well as CAFA's legislative history, the court concludes its order on Defendants' motion to dismiss did not oust it of subject matter jurisdiction over this litigation.

### B.  Plaintiff's Motion to Dismiss

Now that the court has determined that it has subject matter jurisdiction, it considers Mr. Mansker's Federal Rule of Civil Procedure 41(a)(2) motion for voluntary dismissal without prejudice. Rule 41(a)(2) states in part that "an action may be dismissed at the plaintiff's request only by order of the court, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the district court, and its order will not be

reversed unless [it] has abused its discretion." *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996). Legal prejudice is prejudice to some legal interest, some legal claim, or some legal argument. *Id.* at 97. Plain legal prejudice does not result simply because a suit remains unresolved, *id.*, the defendant faces the prospect of a second lawsuit, or the plaintiff stands to gain some tactical advantage, *Hamilton,* 679 F.2d at 145. Indeed, the Ninth Circuit has ruled that neither the fact that a defendant has incurred substantial expense, nor the fact that a defendant has begun trial preparations, establishes legal prejudice warranting the denial of a motion under Rule 41(a)(2). *Id.* at 145-46.

Nevertheless, where a defendant has incurred substantial expense, the court may exercise its discretion to protect the defendant's interests by conditioning a dismissal without prejudice upon the payment of appropriate costs and attorney fees. *Westlands Water Dist.,* 100 F.3d at 97. Although imposition of such costs and fees is not a prerequisite to an order granting a voluntary dismissal, they "are often imposed upon a plaintiff who is granted a voluntary dismissal under [Rule] 41(a)(2)." *Stevedoring Serv. of Am. v. Armilla Int'l B.V.,* 889 F.2d 919, 921 (9th Cir. 1989). The court should, however, only award attorney fees for work which cannot be used in any future litigation. *Westlands Water Dist.*, 100 F.3d at 97.

As discussed above, the stated ground for Mr. Mansker's motion for voluntary dismissal – lack of subject-matter jurisdiction – is incorrect.[3] Nevertheless, the court recognizes that Mr. Mansker may have other legitimate reasons for seeking voluntary dismissal. Mr. Mansker has indicated that he intends to re-file and amend his putative class action in state court. (Reply at 8-9.) While the court does not find that FICO WA will suffer the type of plain legal prejudice that would warrant a denial of Mr. Mansker's motion for voluntarily dismissal, the court does find that the imposition of conditions upon the voluntary dismissal without prejudice is warranted.

This matter has been pending for more than a year now. The parties have conducted considerable discovery including exchanging initial disclosures, and serving and responding to written discovery requests. In addition, the parties have pursued significant motions practice, including a motion to compel arbitration, cross-motions for summary judgment, and a motion to dismiss all defendants but one, as well as certain claims. Mr. Mansker's motion was only filed after this court had ruled on all of these motions. If Mr. Mansker re-files this action in state court, FICO WA would be forced to re-litigate these significant issues, or at least litigate the applicability of collateral estoppel or res judicata. FICO WA may also be forced to needlessly repeat discovery already conducted here. Accordingly, while the court will grant Mr. Mansker's motion

---

[3] Indeed, if the court had lacked subject matter jurisdiction no motion for voluntary dismissal under Rule 41(a)(2) would have been necessary because any party may raise lack of subject-matter jurisdiction at any time. Further, if the court had lacked subject matter jurisdiction dismissal would have been mandatory, not voluntary. Fed. R. Civ. P. 12(h)(3) ("If the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action.").

ORDER- 10

for a voluntary dismissal under Rule 41(a)(2), it will do so only upon the conditions outlined below which are designed to protect FICO WA's interests.

## IV. CONCLUSION

Based on the foregoing, the court GRANTS in part Mr. Mansker's motion for a voluntary dismissal without prejudice (Dkt. # 114), but conditions any such dismissal on the following:

1) If Mr. Mansker re-files the same or a substantially similar lawsuit in any other court, Mr. Mansker will not object to Defendant's use of any discovery conducted, exchanged, or obtained in this litigation on grounds that the discovery was not conducted, exchanged or obtained in Mr. Mansker's re-filed suit;

2) If Mr. Mansker re-files the same or a substantially similar lawsuit, Mr. Mansker shall bear Defendant's costs from this suit for discovery, motion practice, or other items, which Defendant is able to demonstrate cannot be used in the future litigation. This includes, but is not limited to, this court's rulings on arbitrability, summary judgment, and dismissal;

3) Mr. Mansker shall file a notice within seven days of the date of this order stating that he accedes to the court's conditions before a dismissal without prejudice will be entered in this matter, or that he will instead proceed with the case. *See, e.g., Chicano v. Monier, Inc.,* No. C06-5028FDB, 2007 WL 951761, at *3 (W.D. Wash. Mar. 27, 2007); and

4) If a dismissal without prejudice is entered, the court will retain jurisdiction over this lawsuit for the limited purpose of hearing and ruling on any motions by Defendant for costs and reasonable attorney's fees that should be awarded if Mr. Mansker re-files the same or a substantially similar lawsuit. *See, e.g., Design Trend Int'l Interiors, Ltd. v. Huang,* No. CV-06-1987-PHX-LOA, 2007 WL 2683790, at *5 (D. Ariz. Sept. 7, 2007).

Dated this 6th day of April, 2011.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 12